JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Color World, LLC<br>800 Primos Ave<br>Folcroft, PA 19032 | Benco Dental Supply Company<br>295 Center Point Blvd<br>Pittston, PA 18640 |
| **(b)** County of Residence of First Listed Plaintiff   Delaware county<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Luzerne county<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Timothy Pecsenye, Esq., Blank Rome LLP, One Logan Square<br>Philadelphia, PA 19103  (215) 569-5619 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
      Plaintiff
- ☒ 3   Federal Question
      *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
      Defendant
- ☐ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☒ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original
      Proceeding
- ☐ 2 Removed from
      State Court
- ☐ 3 Remanded from
      Appellate Court
- ☐ 4 Reinstated or
      Reopened
- ☐ 5 Transferred from
      Another District
      *(specify)*
- ☐ 6 Multidistrict
      Litigation -
      Transfer
- ☐ 8 Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202

Brief description of cause:

## VII. REQUESTED IN
## COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
## IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/01/2018 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse  (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Colur World, LLC 800 Primos Ave, Folcroft, PA 19032 _____

Address of Defendant: _____ Benco Dental Supply Company 295 Center Point Blvd, Pittston, PA 18640 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/01/2018 _____ _____ PA 51339
                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* _____ Trademark _____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Timothy Pecsenye _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 08/01/2018 _____ _____ PA 51339
                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |  |  |
|---|---|---|---|---|
| Colur World, LLC | v. | Benco Dental Supply Company | : : : : : | CIVIL ACTION |
|  |  |  |  | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)

| August 1, 2018 |  | Colur World, LLC |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-569-5619 | 215-832-5619 | pecsenye@blankrome.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan
Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUR WORLD, LLC,<br>800 Primos Avenue<br>Folcroft, PA 19032<br><br>        Plaintiff,<br><br>    vs.<br><br>BENCO DENTAL SUPPLY COMPANY,<br>295 Center Point Boulevard<br>Pittston, Pennsylvania 18640<br><br>        Defendant. | Civil Action No.: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Colur World, LLC ("Plaintiff" or "Colur World"), by and through its undersigned counsel, Blank Rome LLP, hereby files this Complaint against Defendant Benco Dental Supply Company ("Defendant"), and avers the following:

## THE PARTIES

1.      Plaintiff is a Delaware limited liability company located at 800 Primos Avenue, Folcroft, Pennsylvania 19032.

2.      Upon information and belief, Defendant is a Pennsylvania corporation located at 295 Center Point Boulevard, Pittston, Pennsylvania 18640.

## JURISDICTION AND VENUE

3.      This is a complaint for a declaratory judgment that Defendant is prohibited from challenging Colur World's federal U.S. Trademark Registration No. 3,172,669. This action is based on laches, licensee estoppel, and detrimental reliance.

1

Case 2:18-cv-03265-JS   Document 1   Filed 08/01/18   Page 7 of 34

4.      This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      This Court has personal jurisdiction over Defendant because Defendant, *inter alia*, is incorporated in the Commonwealth of Pennsylvania, transacts business in the Commonwealth of Pennsylvania, engages in a persistent course of conduct in the Commonwealth of Pennsylvania, and expects, or should reasonably expect, its acts to have legal consequences in the Commonwealth of Pennsylvania.

6.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in the Eastern District of Pennsylvania, and Defendant expects, or should reasonably expect, its acts to have legal consequences in the District.

## FACTUAL BACKGROUND

**Plaintiff's Business and Trademarks**

7.      Colur World is the exclusive owner of all right, title, and interest in and to a trademark consisting of the color pink (the "COLOR PINK Mark"), as well as the word mark PINK NITRILE (collectively, the "Colur World Marks"), for use with "gloves for medical and dental use, made of nitrile" (the "Goods").

8.      Plaintiff is the owner of the following United States trademark registrations:

- U.S. Trademark Registration No. 3,172,669 for the color pink ( 🤚 );

- U.S. Trademark Registration No. 4,527,774 for the PINK NITRILE mark; and

- U.S. Trademark Registration No. 3,170,261 for the PINK NITRILE mark.

2

True and correct copies of the Registration Certificates for each of the above-referenced marks from the United States Patent and Trademark Office's Trademark Status and Document Retrieval system are attached hereto as Exhibit A. The Colur World Marks are valid and subsisting.

9.    Colur World, on its own and through its numerous licensees and related companies, has made continuous and exclusive use of its distinctive Colur World Marks in the marketing and sale of the Goods ("PINK NITRILE Gloves") throughout the United States since at least as early as 2005.

10.    Since 2007, Colur World has licensed the use of the COLOR PINK Mark to the world's largest and most prominent manufacturers and distributors of gloves used in the medical and dental fields. Colur World's licensees jointly own approximately 60% of the market share in the medical and dental gloves industry. Colur World's licenses, which date back to 2007, substantiate that the relevant trade industry recognizes Colur World as the source of goods under the Colur World Marks.

11.    Colur World generates millions of dollars annually in connection with the Colur World Marks.

12.    Colur World and its licensees have expended a substantial amount of time, energy, and resources marketing, promoting, advertising, and selling products under the Colur World Marks, including but not limited to:

- advertising expenditures of *one licensee alone* exceeded $14 million since 2005, including more than $1.7 million in 2017;

- operation of websites, such as <www.topqualitygloves.com>, that receive millions of page views annually and many thousands of unique visitors;

- advertising in the leading medical and dental journals;

3

- distributing over 8 million pieces of literature to medical and dental users promoting the PINK NITRILE Gloves since at least as early as 2005;

- promoting the Colur World Marks at annual trade shows and conventions attended by thousands of medical and dental professionals, and purchasing executives;

- prominently displaying the Colur World Marks on the top surfaces of every 100-piece box and on each sample pack of PINK NITRILE brand gloves, as well as on the reverse-sides of the boxes and sample packaging for each of Colur World's other brands of nitrile gloves; and

- selling over *2 billion* PINK NITRILE Gloves since 2005.

13.     As a result of this longstanding, exclusive, and continuous marketing, promotion, advertisement, and sale of products under the Colur World Marks, and adherence to high standards of quality control, the Colur World Marks have met with extraordinary public and trade acceptance and have acquired substantial goodwill and trademark distinctiveness in the minds of the relevant trade and public as an indicator of a single source for the PINK NITRILE Gloves.

14.     As a result of this longstanding, exclusive, and continuous marketing, promotion, advertisement, and sale of products under the Colur World Marks, the relevant trade and the public have come to immediately associate the Colur World Marks with Plaintiff and to expect goods bearing the Colur World Marks to have a connection or association with Plaintiff.

15.     Colur World has vigilantly policed and enforced its exclusive rights so as to prevent unauthorized use of the Colur World Marks by competitors. For instance, Colur World has filed two separate infringement actions in Federal Court, each of which ended favorably for

4

Colur World and the defendants taking licenses to the COLOR PINK Mark. Colur World has also enforced its rights by sending cease and desist letters to all known infringers of the Colur World Marks.

**Defendant's Business Relationship with Colur World**

16.     For over **thirteen years**, Defendant has purchased over 12,990,000 PINK NITRILE Gloves from Colur World's authorized licensees. From one such licensee alone, Top Quality Management, Inc., Defendant has placed nearly **1,062 orders** and expended over **$814,000** in connection with the purchase of PINK NITRILE Gloves.

17.     Defendant also purchases, advertises, and sells non-pink colored nitrile gloves by companies – similar to Colur World – that hold trademark rights in those specific colors. For instance, Defendant sells a variety of nitrile gloves by Halyard Health, Inc. (previously known as Kimberly Clark), a company that has exclusive trademark rights to the colors Purple, Sterling, and Lavender in connection with nitrile gloves. See a true and correct copy of a screenshot from Defendant's website attached hereto as Exhibit B. Upon information and belief, Defendant has been selling these products since at least as early as 2005 without any objection or challenge to the validity of these marks.

18.     On or about June 1, 2011, Defendant reached out to Colur World requesting to become an authorized licensee of PINK NITRILE Gloves. Colur World provided its standard license agreement to Defendant, which it ultimately declined to sign.

19.     Instead, in an unlawful attempt to circumvent the procurement of a license agreement (and to avoid paying the requisite royalty fees), Defendant ventured to develop a similar product to that of Colur World's PINK NITRILE Gloves.

5

20.    Defendant – recognizing Plaintiff as the exclusive owner of the COLOR PINK

Mark – requested a meeting with Colur World to seek approval for its new venture. On or about

September 23, 2011, Colur World and Defendant participated in a meeting at Defendant's office.

Defendant specifically requested this meeting to seek approval from Colur World to use either

the color fuchsia or magenta in connection with nitrile gloves. At this meeting, Rick Cohen, a

Managing Director at Defendant's company, provided Colur World with two prototypes

featuring each of the proposed colors. In a showing of good faith, Colur World ultimately agreed

to consent to Defendant's use of the color fuchsia in connection with nitrile gloves. This consent,

however, was conditioned upon Defendant's promise to not use any color or shade that could be

confused with Colur World's COLOR PINK Mark.

21.    Shortly thereafter, Defendant created a private label brand called "Natural

Extensions" under which it manufactured and sold nitrile gloves in the color *fuchsia*. See a true

and correct copy of a screenshot from Defendant's website attached hereto as Exhibit C.

**Defendant's Cancellation Action**

22.    For over thirteen years, Defendant purchased PINK NITRILE Gloves from Colur

World's licensees and publicly promoted and sold the Goods **without any dispute or challenge**.

23.    Upon information and belief, Defendant grew frustrated after years of only

minimal success with its "Natural Extensions" line. Ironically, it was around this time that

Defendant first challenged Colur World's rights to the PINK NITRILE Gloves.

24.    Specifically, on or around March 16, 2017, Defendant filed a Petition to Cancel

Colur World's United States Trademark Registration No. 3,172,669 for the  mark with the

United States Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB"). In

this Petition, Defendant challenged Colur World's rights to the COLOR PINK Mark, alleging

6

that the color pink in connection with nitrile gloves is incapable of serving as a trademark. See a true and correct copy of the Petition for Cancellation (proceeding no. 92065633) filed by Defendant with the TTAB attached hereto as Exhibit D.

25.     Defendant filed this Petition for Cancellation in an underhanded attempt to reap the benefits of Colur World's brand – especially the success of its PINK NITRILE Gloves – without having to procure a proper license agreement and paying the requisite royalty fees. Simply put, Defendant intends to destroy Plaintiff's business so that it can reap the success created by Colur World and its licensees, all of whom have invested substantial money, marketing, and advertising into building the PINK NITRILE brand.

26.     Based on the foregoing, there is an actual controversy between the parties with regard to whether Defendant is precluded from challenging the validity of the COLOR PINK Mark.

27.     Plaintiff therefore seeks a judicial determination and a declaration that Defendant is barred from challenging Colur World's U.S. Trademark Registration No. 3,172,669 for the COLOR PINK Mark.

## COUNT I
## LACHES

28.     Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 27 of this Complaint.

29.     The doctrine of laches bars Defendant's claim against the validity of Plaintiff's COLOR PINK Mark before the TTAB because Defendant's delay in pursuing the cancellation action is inexcusable and prejudices Plaintiff.

7

30. For over thirteen years, Defendant has purchased, marketed, and sold PINK

NITRILE Gloves from Colur World's authorized licensees **without any complaint or**

**challenge**. These actions alone undoubtedly reflect Defendant's recognition that the color pink

can and does function as a trademark in connection with nitrile gloves and – most importantly –

that Colur World is the exclusive owner of the color pink for use in connection with nitrile

medical and dental gloves. Any doubt as to such recognition is immediately extinguished by the

fact that, in 2011, Defendant approached Plaintiff with respect to becoming an authorized

licensee of Plaintiff's PINK NITRILE Gloves. It was Defendant who declined Plaintiff's

proffered terms.

31. Ironically, it was not until Defendant's fuchsia-colored nitrile gloves failed to be a

commercial success that Defendant filed its cancellation action. Defendant, having previously

walked away from a license agreement with Plaintiff and having failed in its own nitrile glove

venture, was grasping at straws when it filed its meritless challenge of Plaintiff's COLOR PINK

Mark. Defendant's delay of over thirteen years in filing a cancellation action is not only

inexcusable but also a fraudulent attack on Plaintiff's exclusive federal trademark rights in the

color pink for nitrile gloves for medical and dental use.

32. Plaintiff is prejudiced and will continue to be prejudiced by Defendant's actions.

Defendant seeks to destroy the years of effort and substantial time, energy, and resources that

Plaintiff devoted to creating its PINK NITRILE brand. Defendant had thirteen years in which to

raise a dispute, to stop purchasing PINK NITRILE Gloves, or to stop promoting and selling

PINK NITRILE Gloves – none of which it ever did. It was not until the PINK NITRILE brand

became well-known and famous – and Defendant's fuchsia glove venture failed – that Defendant

resorted to attacking Plaintiff's longstanding and exclusive rights to the COLOR PINK Mark.

8

This delay prejudices Plaintiff as it seeks to destroy Plaintiff's business, brand, and reputation and damages Plaintiff's rights and goodwill in the Colur World Marks.

33.     As such, pursuant to the doctrine of laches, Plaintiff seeks a declaratory judgment barring Defendant from pursuing the cancellation action.

## COUNT II
## LICENSEE ESTOPPEL

34.     Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 33 of this Complaint.

35.     The doctrine of licensee estoppel prevents a licensee of an intellectual property right from challenging the validity of the licensed property.

36.     In this case, Defendant holds an implied de facto royalty-free license with Plaintiff. This license arises from the thirteen years in which Defendant continuously purchased, promoted, marketed, and sold PINK NITRILE Gloves. This license is further implied by Plaintiff's consent to Defendant's use of the color fuchsia on nitrile gloves in 2011. The negotiations resulted in limitations and restrictions upon Defendant with respect to the use of the PINK NITRILE Gloves (similar to any licensee of Plaintiff) as well as the use of the color fuchsia on nitrile gloves.

37.     As an implied licensee of Colur World, Defendant was precluded from filing the cancellation action in which it challenged the validity of Plaintiff's PINK COLOR Mark. Accordingly, Defendant must be estopped from pursuing the cancellation action against Plaintiff and from further challenging the validity of Plaintiff's Colur World Marks.

38.     In light of the doctrine of licensee estoppel, Plaintiff seeks a declaratory judgment precluding Defendant from challenging the validity of the COLOR PINK Mark.

9

## COUNT III
## DETRIMENTAL RELIANCE

39.     Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 38 of this Complaint.

40.     The elements of a claim based on detrimental reliance are: (1) a promise to a promisee; (2) which the promisor reasonably expected would induce action by the promisee; (3) which does induce such action; and (4) which should be enforced to prevent injustice to the promisee. These elements are undoubtedly met in this case.

41.     Defendant entered into over **1,062 purchase orders** (agreements) with Plaintiff in connection with the purchase of PINK NITRILE Gloves. With each purchase order, Defendant promised to use the PINK NITRILE Gloves, including the Colur World Marks associated with such Goods, in a manner that would not tarnish or harm Plaintiff's reputation or Goods. In return, Plaintiff promised to continue selling PINK NITRILE Gloves to Defendant.

42.     Colur World and its licensees continued to accept purchase orders from Defendant over the years in reliance on Defendant's promise to continue using the Goods and promoting Plaintiff's brand in a way that was not harmful or damaging to Plaintiff or Plaintiff's business.

43.     For almost thirteen years, Defendant promoted, advertised, and sold PINK NITRILE Gloves in a manner that was consistent with this promise.

44.     Plaintiff detrimentally relied upon Defendant's continuous conduct over the years, which gave rise to the belief that Defendant would continue promoting and selling PINK NITRILE Gloves in a manner that would not harm or tarnish Plaintiff or Plaintiff's business.

10

Defendant breached this promise by challenging Colur World's trademark rights and by filing the cancellation action with the TTAB.

45.     Defendant is blatantly violating Plaintiff's long-standing and well-established intellectual property rights in the Colur World Marks for self-serving purposes that run contrary to its contractual obligations with Plaintiff. Plaintiff relied upon the business relationship it had with Defendant over the past thirteen years and trusted that Defendant would continue honoring its obligations with every purchase order between the two parties.

46.     Defendant has breached this promise, and injustice can only be avoided by enforcing Defendant's promise, and mandating that Defendant be precluded from challenging Plaintiff's trademark rights in the COLOR PINK Mark.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that:

A.     Judgment be entered in favor of Plaintiff against Defendant as to each of the above Counts;

B.     A declaratory judgment that Defendant is precluded from pursuing Cancellation Action No. 92065633;

C.     A declaratory judgment that Defendant is precluded from challenging the validity of the Colur World Marks;

D.     Defendant be ordered to pay costs of this action, including attorney's fees incurred by Plaintiff in connection with this lawsuit; and

E.     Such other and further relief as this Court deems just and proper.

11

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: Avgut 1, 2018                By:

Timothy D. Pecsenye (PA ID. #: 51339)
Bradford C. Craig (PA ID. #: 313530)
Samar Aryani-Sabet (PA ID. #: 322581)
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Telephone: 215-569-5500
Facsimile: 215-569-5555
<pecsenye@blankrome.com>
<bcraig@blankrome.com>
<saryani-sabet@blankrome.com>

# EXHIBIT A

**Int. Cl.: 10**

**Prior U.S. Cls.: 26, 39, and 44**

**United States Patent and Trademark Office**

Reg. No. 3,172,669
Registered Nov. 14, 2006

## TRADEMARK
## SUPPLEMENTAL REGISTER



TOP QUALITY MANUFACTURING, INC. (PENN-SYLVANIA CORPORATION)
6800 LINDBERGH BLVD.
PHILADELPHIA, PA 19142

FOR: GLOVES FOR MEDICAL AND DENTAL USE, MADE OF NITRILE, IN CLASS 10 (U.S. CLS. 26, 39 AND 44).

FIRST USE 4-26-2005; IN COMMERCE 4-26-2005.

THE STIPPLING IS FOR SHADING PURPOSES ONLY.

THE MARK CONSISTS OF THE COLOR PINK AS APPLIED TO THE ENTIRE SURFACE OF THE GOODS, NAMELY, GLOVES FOR MEDICAL AND DENTAL USE, MADE OF NITRILE. THE DOTTED OUTLINE OF THE GOODS IS INTENDED TO SHOW THE POSITION OF THE MARK AND IS NOT A PART OF THE MARK.

SER. NO. 78-623,143, FILED P.R. 5-4-2005; AM. S.R. 9-11-2006.

MATTHEW MCDOWELL, EXAMINING ATTOR-NEY

**Int. Cl.: 10**

**Prior U.S. Cls.: 26, 39, and 44**

**United States Patent and Trademark Office**

Reg. No. 3,170,261
Registered Nov. 7, 2006

## TRADEMARK
## SUPPLEMENTAL REGISTER

# PINK NITRILE

TOP QUALITY MANUFACTURING, INC. (PENN-SYLVANIA CORPORATION)

6800 LINDBERGH BLVD.

PHILADELPHIA, PA 19142

FOR: GLOVES FOR MEDICAL AND DENTAL USE, MADE OF NITRILE, IN CLASS 10 (U.S. CLS. 26, 39 AND 44).

FIRST USE 4-26-2005; IN COMMERCE 4-26-2005.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NITRILE", APART FROM THE MARK AS SHOWN.

SER. NO. 78-623,150, FILED P.R. 5-4-2005; AM. S.R. 9-11-2006.

ANDREW RHIM, EXAMINING ATTORNEY

# United States of America

### United States Patent and Trademark Office

# PINK NITRILE

**Reg. No. 4,527,774**
**Registered May 13, 2014**

COLUR WORLD, LLC (DELAWARE LIMITED LIABILITY COMPANY)
322 WEST OAK LANE
GLENOLDEN, PA 19036

**Int. Cl.: 10**

FOR: GLOVES FOR MEDICAL AND DENTAL USE, MADE OF NITRILE, IN CLASS 10 (U.S. CLS. 26, 39 AND 44).

**TRADEMARK**

FIRST USE 4-26-2005; IN COMMERCE 4-26-2005.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,170,261.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NITRILE", APART FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 85-744,370, FILED 10-3-2012.

JESSICA A. POWERS, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

# EXHIBIT B

 **Benco Dental**

halyard nitrile gloves    🔍

 +

Sign In!
Account

Services   Technology & Equipment   Publications   About Us   Careers   Contact Us

**Search**
"halyard nitrile gloves"

**Results**
1 to 10 of 24

Sort By: Relevance ⌄

☑ Combine Similar Products

**Search Options**

☐ Sterile (3)

**Color**

☐ Purple (22)
☐ White (7)
☐ Blue (6)

**Size**

☐ Large (9)
☐ Medium (9)
☐ Small (7)
☐ X-Small (6)
☐ X-Large (4)

**Finger Thickness**

☐ 5.9 mil (23)
☐ 3.5 mil (9)
☐ 2.8 mil (3)

**Texture**

☐ Textured (32)
☐ Smooth (3)

**Price**

☐ $0.00 - $20.00 (14)
☐ $20.01 - $23.33 (5)
☐ $23.34 - $51.00 (11)
☐ $51.01 - $146.00 (12)
☐ $146.01 - $234.00 (6)



### Halyard Health Nitrile Powder-Free Exam Gloves
· *Finger Thickness- 5.9 mil* · *Characteristics- Textured* · *Length- 242 mm* · *Cuff- Beaded* · *Color - Purple*

Halyard Health

**From $13.99**

View All Products...



### Sterling Nitrile Powder-Free Exam Gloves
· *Finger Thickness- 5.9 mil* · *Characteristic- Textured* · *Length- 242 mm* · *Cuff- Beaded* · *Color - Gray*

Halyard Health

**From $21.49**

View All Products...



### Halyard Purple Nitrile Powder-Free Exam Gloves
· *Finger Thickness- 5.9 mil* · *Characteristics- Textured* · *Length- 242 mm* · *Cuff- Beaded* · *Color - Purple*

Halyard Health

**From $145.79**

View All Products...



### Lavender Nitrile Powder-Free Exam Gloves
· *Finger Thickness- 2.8 mil* · *Characteristics- Textured* · *Length- 242 mm* · *Cuff- Beaded* · *Color - Purple*

Halyard Health

**From $23.49**

View All Products...



### Safeskin Small Nitrile Powder-Free Exam Gloves Box of 50
· *Finger Thickness- 5.9 mil* · *Characteristics- Textured* · *Length- 242 mm* · *Cuff- Beaded* · *Color - Purple*

Halyard Health # 55091

Product # 4041-252

● In Stock in IN, NV

**$50.79**

1   Add to Cart

# EXHIBIT C

 **BencoDental**

Painless Product Search   🔍 search

Product # | Qty | Add

Services   Technology & Equipment   About Us   Contact Us

Sign In!
Account

 0

**Browse Products**

Acrylics & Relines
Alloy
Anesthetic
Articulating
Burs & Diamonds
CAD/CAM
Cements & Liners
Core Material
Cosmetic Dentistry
Crown & Bridge
Dental Dam
Dental Education
Disposables
Endodontics
Evacuation
Finishing & Polishing
Handpieces
Impression
Infection Control
Instruments
Laboratory Products
Matrix
Medicaments
Novelties
Office Supplies
OSHA
Parts
Patient Supplies
Pharmaceuticals
Pins & Posts
Preventive
Small Equipment
Surgical
Waxes
X-Ray

 Home   Infection Control   Gloves   natural extensions® Nitrile Plus Fuchsia Large Powder-Free Exam Gloves Box of 180



## natural extensions® Nitrile Plus Fuchsia Large Powder-Free Exam Gloves Box of 180

**Benco** Dental

$15.99

● 

In Stock in PA, FL, IN, TX, NV

Benco Dental #

Benco Product # 4521-993

Product Line: 1320F - GLOVES -

AMBIDEXTROUS NITRILE

*Pricing shown is suggested retail. To view your price, please log in.*

1

| Product Details | Additional Product Options (3 Total) | Q & A (1 Total) |

### Product Description

Fuchsia colored premium thin nitrile gloves. Every purchase donates a portion of the sale to the Keep-A-Breast™ Foundation to support breast cancer education and awareness. Textured fingertips for extra tactile sensitivity with a beaded cuff. Powder-free, non-sterile. Not made with natural rubber latex. Bulk box fits standard glove dispensers.
Large

---

 **BencoDental**
We deliver success smile after smile:
1 · 800· GO· BENCO

  

 Download our
Mobile App
Painless Mobile iOS

## About Us

About Benco
Culture & Philosophy
BluChip Rewards
Green Initiatives
Affiliations
Publications
Help & Support
Benco Family Foundation
Our Leaders
Dentists
Contact Us
Careers

## Products

Consumables
Office
Supplies
Small
Equipment
Benco
Brands

## Services

Success
Solutions
Repair
Service
CenterPoint
Design
BencoNet
Elite Dental
Alliance
Events &
CE

## Equipment

Technology &
Equipment
OneVisit & CAD/CAM
Showroom Tour
Technology
Equipment
Benco Lab

Apply Now    Vendor Resources    Privacy Policy    Terms of Use    GSA Statement    Benco U    Regulatory FA

# EXHIBIT D

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number: **ESTTA807729**

Filing date: **03/16/2017**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Petition for Cancellation

Notice is hereby given that the following party requests to cancel indicated registration.

## Petitioner Information

| Name | Benco Dental Supply Company | | |
|------|------|------|------|
| Entity | Corporation | Citizenship | Pennsylvania |
| Address | 295 Center Point Boulevard<br>Pittson, PA 18640<br>UNITED STATES | | |

| Correspondence information | Daniel E. Kattman; Heidi R. Thole<br>Attorneys for Petitioner<br>Reinhart Boerner Van Deuren s.c.<br>1000 N. Water St. Ste 1700<br>Milwaukee, WI 53202<br>UNITED STATES<br>TMAdmin@reinhartlaw.com |
|------|------|

## Registration Subject to Cancellation

| Registration No | 3172669 | Registration date | 11/14/2006 |
|------|------|------|------|
| Registrant | COLUR WORLD, LLC<br>800 Primos Ave<br>Folcroft, PA 19032<br>UNITED STATES | | |

## Goods/Services Subject to Cancellation

Class 010. First Use: 2005/04/26 First Use In Commerce: 2005/04/26
All goods and services in the class are cancelled, namely: GLOVES FOR MEDICAL AND DENTAL USE, MADEOF NITRILE

## Grounds for Cancellation

| The mark comprises matter that, as a whole, is functional | Trademark Act Sections 14(1) and 2(e)(5), or Section 23 if on Supplemental Register |
|------|------|
| Fraud on the USPTO | Trademark Act Section 14(3); In re Bose Corp., 580 F.3d 1240, 91 USPQ2d 1938 (Fed. Cir. 2009) |

| Attachments | PETITION FOR CANCELLATION re REG. NO. 3172669.pdf(24520 bytes ) |
|------|------|

| Signature | /Heidi R. Thole/ |
|------|------|
| Name | Heidi R. Thole |
| Date | 03/16/2017 |

## IN THE UNITED STATE PATENT AND TRADEMARK OFFICE BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

|  |  |
|---|---|
| **Benco Dental Supply Company,** ) | **Cancellation No.** _____ |
| **Petitioner,** ) | **Reg. No. 3172669** |
| ) | **Mark:** |
| ) | |
| **v.** ) | |
| ) | |
| **Colur World, LLC,** ) | |
| **Registrant.** ) | |
| ) | |
| ) | |
| ) | |

## PETITION FOR CANCELLATION

Petitioner Benco Dental Supply Company ("Petitioner") hereby seeks cancellation of

Supplemental Registration No. 3172669 for the trademark shown above and described in the

registration as "the Color Pink as applied to the entire surface of the goods, namely, gloves for

medical and dental use, made of nitrile," ("Color Pink") owned by Registrant Colur World, LLC

("Registrant"). Petitioner believes that it has been, and continues to be, damaged by Registration

No. 3172669, which was issued on November 14, 2006.

As grounds for this Petition for Cancellation, Petitioner alleges as follows:

### The Parties

1.     Petitioner is a Pennsylvania corporation located and doing business at 295 Center

Point Boulevard, Pittston, Pennsylvania 18640.

2.     Petitioner sells dental and medical products, including nitrile medical and dental

gloves, and provides equipment repair and practice management services.

3.     On information and belief, Registrant is a Delaware Limited Liability Company

located at 800 Primos Ave, Folcroft, Pennsylvania 19032.

4.      Registrant filed application Serial No. 78623143 for the Color Pink for "gloves for medical and dental use, made of nitrile" in Class 10 on May 4, 2005 (the "Application").

5.      The Application was filed under Section 1(a) of the Trademark Act and claimed April 26, 2005 as the date of first use and date of first use in commerce.

6.      On December 9, 2005 the Examining Attorney initially refused the Application on the grounds that the mark is ornamental and therefore incapable of functioning as a trademark under Sections 1, 2, and 45 of the Trademark Act.

7.      Registrant attempted to overcome the examiner's ornamental refusal by arguing that the Color Pink had acquired distinctiveness in the marketplace.

8.      The examiner rejected Registrant's argument that its use of the Color Pink on nitrile gloves had acquired distinctiveness in the marketplace.

9.      Registrant amended the Application to the Supplemental Register on September 11, 2006.

10.     The Application, without publication, registered on the Supplemental Register on November 14, 2006 and was issued registration No. 3172669 (the "Registration").

11.     Petitioner and Registrant are both companies located in the state of Pennsylvania and are competitors in the medical and dental supplies business.

### Count I:  Fraud

12.     Petitioner incorporates by reference paragraphs 1 to 11 of this Petition to Cancel as if more fully set forth herein.

13.     Registrant is one of many companies that manufactures and/or sells nitrile gloves for medical, dental, industrial, or general use bearing the Color Pink.

2

14.     At the time Registrant filed the Application, it was not the only manufacturer and

distributor of medical and dental gloves bearing the Color Pink.

15.     Registrant was aware, at the time it filed its Application, that other distributors in

the medical and dental supply business sold pink nitrile gloves.

16.     Registrant knowingly made false statements with the intent to deceive the US

Patent and Trademark Office ("USPTO") when it filed its Application and made the following

declaration in support of its Application:

> [The undersigned] [b]elieves applicant to be entitled to use such mark in
> commerce; to the best of his/her knowledge and belief no other person, firm,
> corporation, or association has the right to use the mark in commerce, either in the
> identical form thereof or in such near resemblance thereto as to be likely, when
> used on or in connection with the goods/services of such other person, to cause
> confusion, or to cause mistake, or to deceive; and that all statements made of
> his/her own knowledge are true and that all statements made on information and
> belief are believed to be true.

17.     Registrant's assertion in the Application that "[t]he mark has become distinctive of

the goods/services through the applicant's substantially exclusive and continuous use in

commerce that the U.S. Congress may lawfully regulate for at least the five years immediately

before the date of this statement" was knowingly false and made with the intent to deceive the

US Patent and Trademark Office.

18.     Registrant knowingly made such false and material misrepresentations with the

intent to deceive and defraud the USPTO.

19.     Registrant's intent was to use the Registration to inhibit competition in the

medical and dental supplies market and provide Registrant with a means of threatening and

harassing competitors who sell similar medical and dental supplies, including nitrile gloves; and

3

forcing such third parties to enter into license agreements with Registrant to sell pink medical and dental gloves.

20.     Petitioner has been and continues to be damaged by the Registration, which covers medical and dental gloves identical to those Petitioner and other medical dental supplies manufacturers, distributors, and retailers sell in a variety of colors, because the registration provides Registrant with a means of threatening and harassing Petitioner to purchase a license from Registrant.

## Count II: Failure to Function as a Trademark

21.     Petitioner incorporates by reference paragraphs 1 to 20 of this Petition to Cancel as if more fully set forth herein.

22.     The Registration is incapable of distinguishing Registrant's goods from the goods of others and therefore cannot function as a trademark or indicator of source.

23.     The color pink is widely used as an ornamental feature of medical and dental clothing, jackets, scrubs, shoes and gloves.

24.     The color pink is a common color that coordinates well with clothing often worn by doctors, dentists, nurses and medical and dental assistants and is therefore ornamental and aesthetically functional.

25.     The color pink is a common color enjoyed by many doctors, dentists, nurses and medical and dental assistants as a personal preference and therefore fails to indicate the source or origin of a product or service.

26.     The two specimens filed in connection with application Serial No. 78623143 (which led to Reg. No. 3172669) shows the Color Pink used solely in a decorative and

4

ornamental fashion - applied uniformly to the entire surface of a nitrile medical or dental glove. These examples do not show the Color Pink functioning as a source-distinguishing trademark.

27. On information and belief, Registrant did not use the Color Pink in a non-ornamental manner on any goods covered by Reg. No. 3172669, on or before the date of first use alleged in its application, April 26, 2005.

28. Registrant used the Color Pink in an exclusively ornamental manner as of the April 26, 2005 filing date and as of November 14, 2006 (the date Registration No. 3172669 issued on the Supplemental Register).

29. Registration No. 3172669 is not, and has not been, supported by any specimen showing use of the Color Pink as a trademark for gloves for medical and dental use, made of nitrile, which are the goods covered by the registration.

30. Petitioner submits that Reg. No. 3172669 was improperly issued and should be cancelled.

31. Petitioner has been, is, and will continue to be, damaged by the Registration because the Registrant is seeking to force Petitioner to purchase a license to manufacture and sell pink medical and dental gloves.

32. The Registration unduly inhibits competition in the medical and dental supply markets and improperly provides Registrant with a means of threatening and harassing competitors who sell similar pink-colored medical and dental supplies.

WHEREFORE, Petitioner prays that its Cancellation Petition should be sustained and Reg. No. 3172669 should be cancelled.

5

Dated: March 16, 2017                    Respectfully submitted,

                                         **Benco Dental Supply Company**

                                         By its Attorneys


                                         By:___/Heidi R. Thole/_____


                                                 Daniel E. Kattman
                                                 Heidi R. Thole
                                                 Reinhart Boerner Van Deuren s.c.
                                                 1000 N. Water St. Ste 1700
                                                 Milwaukee, WI 53202